UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GARY COATES**,

    Plaintiff,

vs.

Case No.
Hon.

**STRYKER SALES, LLC, a Michigan Limited Liability Company f/k/a STRYKER SALES CORPORATION, a Michigan Corporation**,

    Defendant.

---

**GASIOREK MORGAN**
Donald J. Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, GARY COATES, by his attorneys, GASIOREK MORGAN, states the following for his Complaint against Defendant:

1. This Complaint asserts claims of employment discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 USC §621, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

USC §2000(e) *et. seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq*.

## PARTIES

2.   Plaintiff, GARY COATES, is an individual residing in Bloomfield Hills, Oakland County, Michigan.

3.   Defendant, STRYKER SALES, LLC, is a Michigan Limited Liability Company formerly known or also known as STRYKER SALES CORPORATION.  At all relevant times, Defendant has a principal place of business in Kalamazoo County, Michigan, a resident agent and registered office located in Plymouth, Wayne County, Michigan, and it conducts regular, continuous and systematic business activities in Wayne, Oakland, and Macomb counties, Michigan.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the Eastern District of Michigan and has its resident agent and/or registered office in the Eastern District of Michigan.

5.   This Court has jurisdiction over Plaintiff's ADEA and Title VII claims under and pursuant to 28 USC §§1331 and 1343.

6. This Court has jurisdiction over Plaintiff's state law claims under and pursuant to 28 USC §1367.

7. On June 13, 2020, Plaintiff signed and submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC").

8. The EEOC issued a Notice of Right To Sue on May 7, 2021. See **Exhibit A.**

9. Plaintiff has timely filed this Complaint within 90 days of receiving the EEOC's Notice of Right to Sue.

10. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claims occurred in this judicial district.

## GENERAL ALLEGATIONS

11. Plaintiff's year of birth is 1962.

12. On or about October 28, 1996, Plaintiff began his employment with Defendant as a sales representative.

13. Plaintiff, at all times, demonstrated that he was qualified for his position and qualified to retain his position as a sales representative.

14. Plaintiff's competent performance is evidenced by his performance over time.

15. Plaintiff's competent performance is further evidenced by his performance reviews and awards or honors that he received from Defendant such as the Stryker Surgical 100 Million Dollar Club, Master Achiever Award for Power Tool Sales, President's Council Member, Great Lakes Region Base Growth Leader, Great Lakes Pricing Integrity Leader, and Surgical Top Ten award.

16. In an Annual Performance Review covering the period January to December 2017, Defendant rated Plaintiff's performance as "highly effective" or "consistently effective" in every category and wrote that Plaintiff "continues to perform at a high level and engages with all products at all customers. He elevates his business each year."

17. In 2017, Plaintiff also received the annual 2017 Pricing Integrity award, the 2017 Base Growth award as well as the "Rep of the Month" for October 2017.

18. In December 2017, the Defendant's Vice President of Sales Surgical Division sent a group email to Plaintiff, Plaintiff's Supervisor, and other sales representatives which email specifically praised Plaintiff's performance as: "Incredible work Gary. You had many milestones this year…19 quotas being just one of them. Perhaps nothing more impressive

4

and a reflection of getting it done is your base growth"; "Congratulations and THANK YOU for delivering yet again."

19. At or around the same time, Defendant's Director of Sales also sent out a group email congratulating Plaintiff and stating "19 career wins is truly in a class by itself".

20. However, in 2018, Plaintiff began reporting to a new manager and soon began to observe and feel the effects of discrimination based upon his age and/or gender.

21. In 2018 and continuing thereafter, Defendant began subjecting Plaintiff to performance standards that were unreasonable, arbitrary and capricious, and/or more demanding than those established for younger and/or female sales representatives.

22. Examples of Defendant's discriminatory treatment included removing long standing successful customer accounts from Plaintiff and giving them to younger and/or female employees, assigning accounts to Plaintiff that had lower or poorer economic potential, and then unfairly increasing Plaintiff's sales quota to amounts greater than those attainable or assigned to younger and/or female employees.

23. Defendant further subjected Plaintiff to unfair and unreasonable disciplinary actions and performance reviews.

5

24. Despite Defendant's discriminatory treatment which included removing his successful accounts and assigning him new customer accounts, Plaintiff nonetheless achieved approximately 91% of his annual quota in 2018.

25. On or about October 1, 2019, Defendant informed Plaintiff that he was 72% of his current quota (or "PTQ").

26. On or about October 1, 2019, Defendant placed Plaintiff on a Personal Improvement Plan ("PIP") and told him to achieve 100% of his sales goals within three months or be terminated. Only those sales from his current territory would be counted, and any big base orders that were not consistent with his accounts current ordering patterns would not be considered.

27. The goals set forth in Defendant's PIP were unfair and not possible to achieve.

28. On or about January 3, 2020, Defendant terminated Plaintiff's employment.

29. At the time of Plaintiff's termination, Defendant did not have a written policy which mandated that sales representatives would be immediately terminated for failing to meet quota expectations or PTQ for two consecutive years.

30. Upon information and belief, Defendant did not terminate other sales representatives who failed to meet quota expectations two years in a row.

31. Upon information and belief, other younger and/or female sales representatives were treated more favorably than Plaintiff and given more time to meet sales goals or quota expectations.

32. Defendant terminated Plaintiff's employment without justification.

33. The proffered reasons for termination were a pretext for discrimination.

34. Upon information and belief, Plaintiff was replaced by, and/or his former duties and responsibilities were assumed by, younger and/or female employees.

35. Plaintiff's age and/or gender were factors in Defendant's decision to terminate his employment.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

36. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint.

37. Defendant is an "employer" as that term is defined in the ADEA.

38. Pursuant to the ADEA, Defendant, as an employer, had a duty to Plaintiff not to terminate or otherwise discriminate against Plaintiff with respect to his employment, compensation, terms, conditions, or privileges of employment because of his age; or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff because of his age.

39. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his age.

40. Defendant's discriminatory treatment and termination of Plaintiff because of his age was willful and deliberate.

41. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in the ADEA, Plaintiff suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is

shown to be established by the proofs of this case, plus exemplary damages, liquidated and/or punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

42. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

43. At all times relevant herein, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, *et seq.*, as amended.

44. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on his age.

45. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his age.

46. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage,

humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

## COUNT III
## GENDER DISCRIMINATON IN VIOLATION OF TITLE VII

47.  Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

48.  At all times relevant to this action, Plaintiff was an employee and Defendant was an employer within the terms of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000(e), *et. seq.*

49.  Pursuant to Title VII, Defendant, as an employer, had a duty to Plaintiff not to terminate or otherwise discriminate against Plaintiff with respect to his employment, compensation, terms, conditions, or privileges of employment because of Plaintiff's gender; or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff because of his gender.

50. Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated female employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his gender.

51. Defendant's discriminatory treatment and its termination of Plaintiff because of his gender was willful and deliberate.

52. As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in Title VII, Plaintiff suffered damages, including but not limited to, loss of past and future income, mental anxiety and distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus exemplary damages, punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

## COUNT IV
## GENDER DISCRIMINATION IN VIOLATION OF THE ELCRA

53. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

54. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination based on his gender.

55. Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated female employees, terminating Plaintiff's employment, and otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities and/or privileges of his employment because of his gender.

56. As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff, GARY COATES, by his attorneys, GASIOREK MORGAN, demands a trial by jury in this cause of action.

Respectfully submitted,

**GASIOREK MORGAN**

BY: /s/ Donald Gasiorek
DONALD J. GASIOREK (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgasiorek@gmgmklaw.com

Dated: July 7, 2021